UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **VINCENT D. ROBERSON** | **CIVIL ACTION NO. 19-0707** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA CORRECTIONAL CENTER** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Vincent D. Roberson, a prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed the instant proceeding on June 3, 2019, under 42 U.S.C. § 1983. He names Ouachita Correctional Center ("OCC") as Defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that he is confined in unsanitary conditions: gnats fly over his food when he eats, and mold is present in the shower and in the cell where he eats and sleeps. [doc. # 1, p. 3]. Plaintiff also alleges that he is diabetic and that doctors do not give him enough insulin. *Id.* He suggests that, due to the lack of insulin, he had a stroke and has "been going in and out . . . ." *Id.*

In his amended pleading, Plaintiff writes that "Ms. Parker who passes out meds" sometimes "purposely messes up" his insulin. [doc. # 6]. When he objects to Parker's actions, "they" try to place him in lockdown. *Id.*

Plaintiff claims that "they" refuse to give him an administrative remedy procedure form

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

to "write them up on." *Id.*

Plaintiff seeks $500,000.00, and, without elaborating, asks the Court to "help other offenders." *Id.*

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

3

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Ouachita Correctional Center

Plaintiff names OCC as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. OCC does not qualify as a juridical person.[3] Accordingly, the Court should dismiss Plaintiff's claims against OCC.[4]

## 3. Medical Care

Plaintiff alleges that he is diabetic and that doctors do not give him enough insulin. [doc. # 1, p. 3]. He suggests that, due to the lack of insulin, he had a stroke and has "been going in and

---

[3] The Court previously advised Plaintiff that OCC is unamenable to suit.

[4] Aside from OCC, Plaintiff does not identify a defendant from whom he seeks relief for his claims concerning gnats, mold, retaliation, and refusing to provide a form on which to file an administrative remedy grievance.

out . . . ." *Id.* He does not identify the physicians. Plaintiff also alleges that "Ms. Parker who passes out meds" sometimes "purposely messes up" his insulin. [doc. # 6].

A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824

(5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff neither explicitly seeks relief from, nor specifically names as defendants, the unknown physicians or Ms. Parker. To the extent he does seek relief from these individuals, his claims are conclusory.

As noted above, a complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

The undersigned instructed Plaintiff to amend and allege facts establishing that specific, identified individuals were deliberately indifferent to a substantial risk of serious medical harm to him. [doc. # 5, p. 4]. The undersigned also instructed Plaintiff to provide other relevant information, including a description of the treatment and/or medication Plaintiff claims that a defendant should or should not have provided. *Id.* Plaintiff, however, did not elaborate on his allegations in his amended pleading.

Ultimately, Plaintiff fails to disclose enough facts to state plausible claims. With respect to the claim against the unknown physicians, Plaintiff fails to allege that any particular physician knew of a substantial risk of serious harm to his health and disregarded that risk. See *Baughman v. Hickman*, 2019 WL 3820065, at *6 (5th Cir. Aug. 15, 2019) (finding, where the plaintiff alleged that physicians "generally 'denied [him] adequate pain medication' and 'access to

physical therapy[,]'" that the plaintiff's "conclusory allegations" did not suffice).[5]  As to his claim against Ms. Parker, Plaintiff does not explain what he means by "messes up with my insulin," he does not state how often Ms. Parker "messes up" his insulin, and he does not identify the risk that Parker's alleged actions presented to his health.

Even construed liberally and in his favor, these claims are entirely conclusory.  The Court should, therefore, dismiss them.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Vincent D. Roberson's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[5] The conclusory nature of Plaintiff's claim aside, he simply disagrees with the treating physicians' decisions.  While Plaintiff suggests that the unidentified physicians should have rendered better care, his disagreement or dissatisfaction with the physicians' care falls short of establishing deliberate indifference and does not, consequently, state a plausible claim under the Eighth Amendment.  See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977)); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); see also *Frazier*, 707 F. App'x at 824 (finding no deliberate indifference where medical staff responded to the plaintiff's complaints and provided consistent care and medication, even though the plaintiff disagreed with the extent and form of treatment); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992) (finding that an inmate received adequate care, even though the treatment may not have been the best, and that any deficiencies in treatment were minimal; moreover, the plaintiff's continuing pain, in and of itself, did not demonstrate that a constitutional violation occurred).  Plaintiff does not allege, for instance, that an official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of September, 2019.

Karen L. Hayes
United States Magistrate Judge